UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DAVID RHEA, MELVIN SCHUSTER, and TENNESSEE VALLEY OPERATING ENGINEERS HEALTH FUND,<br><br>Plaintiffs,<br><br>v.<br><br>MORRIS-SHEA BRIDGE COMPANY, INC., and ADAM KIMMICH,<br><br>Defendants. | Case No.: |

## COMPLAINT

David Rhea and Melvin Schuster ("Trustees"), and Tennessee Valley Operating Engineers Health Fund ("Plaintiff Fund"), complaining of Morris-Shea Bridge Company, Inc. ("Defendant") and Adam Kimmich ("Kimmich") allege as follows:

1. This action arises under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq. (2014). Jurisdiction is proper under 29 U.S.C. §§ 1132 and 1145, as this is a civil action against an employer for failing to make required contributions owed to an employee benefit fund.

2. Venue is appropriate under 29 U.S.C. § 1132(e)(2) because the Plaintiff Fund is administered within the jurisdiction of the U.S. District Court for the Middle District of Tennessee by a third party, Southern Benefit Administrators, Inc., with offices in Goodlettsville, Tennessee.

3. Rhea and Schuster are Trustees of the Plaintiff Fund and are fiduciaries of the Plaintiff Fund which was created pursuant to 29 U.S.C. § 186(c)(5) and administered by a joint Board of

Trustees composed of an equal number of employee and employer representatives, as required by 29 U.S.C § 186(c)(5). The Board of Trustees are the "plan sponsor" of the Plaintiff Fund as defined by 29 U.S.C. § 1002(16)(B)(iii).

4. Defendant is an Alabama member-managed for-profit corporation qualified to conduct business in Tennessee and is an employer as defined by 29 U.S.C. § 1002(5). Defendant is engaged in interstate commerce and affecting commerce as defined in 29 U.S.C. § 1002(11) and (12).

5. The Plaintiff Fund is an employee welfare benefit plan within the meaning of 29 U.S.C. §§ 1002(1) and (37). Plaintiff Fund is primarily funded by contributions remitted by multiple participating employers pursuant to negotiated collective bargaining agreements with a labor organization. All principal and income from such contributions and investments thereof is held and used for the exclusive purpose of providing health and welfare benefits to participants of the Plaintiff Fund after paying administrative and other reasonable expenses.

6. The trust agreement by virtue of which Plaintiff Fund was created and operates provides in pertinent part that employer contributions owed by an employer such as Defendant to Plaintiff Fund are an asset of Plaintiff Fund when due. A true and accurate copy of the Plaintiff Fund's trust agreement is attached as **Exhibit A**.

7. The Plaintiff Fund operates on the basis of a policy establishing an employer self-reporting payment system whereby participating employers such as Defendant identify those employees for whom contributions are owed, identify the weeks worked by the covered employees, and based upon employee work history reported, the employers make contributions and payments to the Plaintiff Fund. In the event contributions are not timely submitted, they are considered delinquent and are subject to liquidated damages and interest. A true and exact copy of the Plaintiff Fund's policy to this effect is attached as **Exhibit B**.

8. Defendant is a party to a collective bargaining agreement known as the National Maintenance Agreement ("NMA") with the International Union of Operating Engineers. A true and exact copy of the NMA is attached as **Exhibit C**. Defendant became a party to the NMA by virtue of Request Number 0005-44276-112922. A true and exact copy of the Request is attached as **Exhibit D**. As a party to the NMA, Defendant is bound by Article IX, pages 11-12, to pay contributions to the Plaintiff Fund according to the terms and conditions of a Local Labor Agreement.

9. The Local Labor Agreement is the Agreement Between Ironworkers Employers Association of the Tennessee Valley and Vicinity, Inc. and Construction, Building and Trades Contractors and the International Union of Operating Engineers Local 369 ("Local Labor Agreement"), effective May 1, 2020 through April 30, 2023. A true and exact copy of the Local Labor Agreement is attached as **Exhibit E**.

10. Article IX of the NMA and Section XVI of the Local Labor Agreement require Defendants to pay contributions to Plaintiff Fund in accordance with the following from Section XVI of the Local Labor Agreement:

> 1. (a) The employer signatory to or bound by this agreement agrees to report and pay on behalf of all bargaining unit employees represented by the Union, as per Section XXI (Basic Wage Rates) per hour for each hour worked by the aforesaid employers, to the Tennessee Valley Operating Engineers Health Fund. The contribution reports of the employer must be made on forms supplied by the trust office of the Fund and must be postmarked no later than the 10th of the month covering all pay periods in the previous calendar month.
>
> (b) All Health and Welfare contributions, together with the required contributions to the Central Pension Fund, are due and payable at the Fund Office of Tennessee Valley Operating Engineers Health Fund, PO Box 1449, Goodlettsville, TN 37070-1449.
>
> 2. Each employer, signatory to or bound by this agreement, agrees that his firm, partnership or Corporation shall and does hereby become an "employer" under the terms of the Agreement and Declaration of Trust forming the Tennessee Valley Operating Engineers Health Fund, the effective date of said Agreement and

Declaration of Trust being March l, 1984. Said employer further agrees to abide by all provisions, rules and regulations set forth in such agreement and in the by-laws made by the authority thereof. The employer does hereby become a participant in the Trust Fund and agrees to remain a participant in the Trust Fund for the duration of this collective bargaining agreement, including any renewals or extensions thereof. The employer further agrees that the employer trustees and their successors serving as such during their term of office shall act as its representative in the aforesaid Trust Fund.

3. The Trustees of the Tennessee Valley Operating Engineers Health Fund have the authority to access liquidated damages in the form of monetary penalties for the late reporting and/or payment of the required Health and Welfare contributions. The liquidated damages are due and payable immediately upon notification.

4. The Union may, at its option, remove all employees from any employer who fails to report and pay the required contributions in behalf of bargaining unit employees to the fringe benefit fund office as mentioned above. Such removal of the Union's members shall not be considered a breach of this collective bargaining agreement nor is it actionable in a court of law.

5. Health and Welfare contribution payments are required to be reported and paid by all employers who require employees to work in the territorial jurisdiction of Local Union 369, the aforesaid contributions shall be paid to the Tennessee Valley Operating Engineers Health Fund.

11. Pursuant to the terms of the NMA, Local Labor Agreement, and Plaintiff Fund's Trust Agreement, and/or policies and procedures adopted by the Plaintiff Fund, Defendant was required to timely submit reports and contribution payments to the Plaintiff Fund. Defendant has not submitted any required reports or payments to the Plaintiff Fund.

12. Upon information and belief, Kimmich is a resident of Jefferson County, Irondale, Alabama and is the Operations Manager of Defendant. As the Operations Manager, Kimmich has authority to direct the business operations of Defendant. Kimmich and Defendant have used assets of Plaintiff Fund in the form of contributions to pay for business operations of Defendant. Kimmich and Defendant dissipated the contributions owed to Plaintiff Fund by not segregating them, but instead placing them in a comingled account that was used for general operating expenses of Defendant. Upon information and belief, the comingled account has not reached a zero balance.

13. The failure of Defendant to pay contributions on behalf of its employees will cause Plaintiff Fund to suffer irreparable harm. *See, e.g., S. Elec. Health Fund v. Kelley*, 308 F. Supp. 2d 847, 864 (M.D. Tenn. 2003), aff'd sub nom. *S. Elec. Health Fund v. Heritage Mut. Ins. Co.*, 147 F. App'x 497 (6th Cir. 2005). Further, employer delinquencies such as those of Defendant adversely affect and impact the financial integrity of the Plaintiff Fund, the continued delinquency will cause the Plaintiff Fund to lose the benefit of interest income that it would otherwise earn and will cause the Plaintiff Fund to incur additional administrative expenses in connection with remedying the delinquencies of Defendant.

14. Pursuant to the terms of the Plaintiff Fund's trust agreement and policy adopted by the Plaintiff Fund, Defendant may also be subjected to payroll audits as may be deemed appropriate by Plaintiff Fund. Defendant is required to provide, in conjunction with such audits, any and all payroll records that may be required to complete the audits. In the event a payroll audit discloses that Defendant has not paid contributions as required, Defendant may be held liable for the cost of conducting the audit.

15. Defendant has failed to pay the required contributions to the Plaintiff Fund.

16. Defendant's actions are in violation of 29 U.S.C. § 1145, and Defendant is therefore liable for delinquent contributions, interest, liquidated damages, and attorney fees and costs pursuant to 29 U.S.C. §1132(g).

17. Plaintiff Fund has no way of verifying, absent an audit, the number of hours worked by Defendant's employees. Therefore, Plaintiff Fund has no way of ascertaining the amount owed in delinquent contributions, deductions, liquidated damages, and interest, absent an order.

18. Defendant should be required to submit to a payroll audit and Plaintiff Fund is entitled to an order compelling Defendant to submit to a payroll audit pursuant to 29 U.S.C. § 1132(g)(2)(E).

19. Defendant and Kimmich should be enjoined to timely submit reports and contributions in the future pursuant to 29 U.S.C. § 1132 (g)(2)(E).

20. Copies of this Complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail in accordance with the provisions of ERISA Section 502(h), 29 U.S.C. § 1132(h).

**WHEREFORE**, Trustees and Plaintiff Fund demand the following relief against Defendant and Kimmich:

A. An order compelling Defendant and Kimmich to submit to a payroll audit of its books and records to determine the amounts owed to Plaintiff Fund for delinquent contributions, liquidated damages, and interest;

B. An award or judgment in favor of Trustees and Plaintiff Fund and against Defendant and Kimmich for the costs of the payroll audit of Defendant;

C. An award or judgment in favor of Trustees and Plaintiff Fund and against Defendant and Kimmich for unpaid and delinquent contributions owed by Defendant in an amount to be determined;

D. An award or judgment in favor of Trustees and Plaintiff Fund and against Defendant and Kimmich for interest, liquidated damages, and attorney fees and costs in an amount to be determined;

E. A permanent injunction enjoining Defendant and Kimmich from violating the provisions of ERISA and the Trust Agreement requiring payment of contributions;

F. An order retaining jurisdiction over this cause pending compliance with all orders; and,

G. Any other legal or equitable relief which the Court deems necessary or appropriate under 29 U.S.C. § 1132(g)(2)(E).

Respectfully submitted,

  /s/ *R. Jan Jennings*
R. Jan Jennings, BPR No. 1536
Michael C. Iadevaia, NY BPR No. 5783295
**Stranch, Jennings & Garvey, PLLC**
The Freedom Center
223 Rosa L. Parks Avenue, Ste. 200
Nashville, TN   37203
Tel. (615) 254-8801
Email: jjennings@stranchlaw.com
Email: miadevaia@stranchlaw.com